SPENCER & Co., INC., Plaintiff, v. EDGAR A. BIGGS and LOUISE BIGGS, Defendants.

Supreme Court, New York Special Term, July, 1922.

Landlord and tenant — injunction — lease — violation of covenant permitting landlord to show premises and put up signs enjoined — intention on part of tenant to hold over no defense.

A tenant in New York city will be enjoined from violating the covenants in a lease permitting the landlord to show the premises to prospective purchasers or tenants and to place " To Let " and " For Sale " signs thereon after a certain date. This is so although the tenant states that he intends to take advantage of the new rent laws in order to retain possession of the premises at a reasonable rental after the expiration of the term.

APPLICATION for injunction restraining defendants from violating a lease.

*Hurry & Dutton*, for plaintiff.

*Edgar A. Biggs*, defendant in person.

LYDON, J. Plaintiff seeks by this motion to restrain the defendants from in any manner interfering with or preventing the plaintiff as owner of the premises No. 118 West Eighty-first street, in the borough of Manhattan, city of New York, from placing notices on the front of said premises, or any part thereof, offering the premises " To Let " or " For Sale," as well as enjoining the defendants from preventing the owner from showing the premises to persons wishing to hire or purchase the same. The defendants occupy the premises under a written lease which contains the usual clauses permitting the landlord to show the premises to prospective purchasers or tenants shortly before the expiration of the term. In the lease in question the date fixed on and after which the landlord may show the premises to such prospective purchasers or tenants is June 1, 1922, and on and after said date the landlord is given the right to place on the front of the premises notices of " To Let " or " For Sale," and the tenant agrees to permit the same to remain thereon without hindrance or molestation. The term of the lease expires August 31, 1922. The one objection raised by the tenants to the granting of this injunction order is set forth in the affidavit of the defendant Edgar A. Biggs, wherein he denies that he has been requested by the landlord to permit a sign " To Let " or " For Sale " to be put up on the premises, and claims it is his intention to make an effort to renew the lease on the termination of the present term on August 31, 1922, and that he is willing to permit a " For Sale " sign to be placed upon

the premises but would have to refuse to permit a " To Let " sign to be placed thereon, upon the ground that he is now an occupant and expects to remain in possession of the premises at a fair and reasonable rental. The moving affidavits show that on July 18, 1922, the said Edgar A. Biggs called at the office of the agent of the plaintiff and stated that he would not allow any one to show the premises to prospective tenants or purchasers, nor allow a " To Let " or " For Sale " sign to be placed on the front of said premises. The difficulty with the tenant's position, to my mind, is that he overlooks the fact that he specifically agreed in the written lease that after June 1, 1922, the landlord might show the premises to prospective purchasers or tenants, and also might place signs on the front of the premises. The fact that the defendant Edgar A. Biggs is of the opinion that he will try to take advantage of the new rent laws in order to retain possession of the premises at a fair and reasonable rental, is not sufficient to justify him in refusing to abide by the terms of his lease. Many things might occur in the interval between this date and August 31, 1922. He might see other premises which he would prefer and, therefore, abandon the present premises on August 31, 1922, or in the uncertainty of life he might die, and if either of such events should occur the landlord would be placed in a very unfair position, and certainly would not be protected as was contemplated by the parties when they entered into the written lease. I see no reason why this injunction should not be granted. Motion granted, with ten dollars costs. Settle order on notice.

Ordered accordingly.